CHARLES GEISLER, as Executor, etc., of LOUISE GEISLER, Deceased, Plaintiff, *v.* EDWARD RUTKOWSKI and WALTER RUTKOWSKI, Defendants.

CHARLES GEISLER, Plaintiff, *v.* EDWARD RUTKOWSKI and WALTER RUTKOWSKI, Defendants.

Supreme Court, Erie County, September 17, 1941.

*William J. Brock,* for the plaintiffs.

*Gibbons, Pottle & Pottle,* for the defendants.

HINKLEY, J. Plaintiffs' complaints in negligence have omitted from the *ad damnum* clauses the specific sums of money to which they suppose themselves entitled. This is a radical change from the form of pleading which has been almost universally adopted and approved for many years. The plaintiffs simply demand judgment for " such sums of money as the facts, evidence and circumstances will warrant and justify." Defendants move to require the plaintiffs to make their complaints more definite and certain by including in the prayers for relief specific sums for damages.

The most cogent and appealing reason has not been suggested in the briefs of counsel nor in the informal correspondence of the upper courts. Defendants should be given the opportunity to pay plaintiffs' demands if they so desire, provided they are advised as to what sum of money they do demand.

There can be no logical reason advanced why defendants should await trial in order to pay the damages claimed even though not liquidated. The best legal minds in the State and Nation have at all times, and in the last few years particularly, been engaged in reforming judicial practice in order to facilitate the settlement of claims without and during litigation.

Plaintiffs' contention deletes from article 21 of the Civil Practice Act in its clear application to actions in negligence. In the language of the horse and buggy days, such contention puts the cart before the horse by requiring the defendant to guess at the amount of money which plaintiff demands. Section 171 of the Civil Practice Act is as follows:

" § 171. Tender after suit. Where the complaint demands judgment for a sum of money only, and the action is brought * * * to recover damages for a casual or involuntary personal injury or a like injury to property, the defendant or his attorney, at any time before the trial, may tender to the plaintiff or his attorney such a sum of money as he conceives to be sufficient to make amends for the injury or to pay the plaintiff's demand."

Sections 172, 173, 177 and 178 of the Civil Practice Act would likewise seem to require that the plaintiff specify the amount of money which he supposes himself entitled to. Rule 46 of the Rules of Civil Practice and section 479 of the Civil Practice Act seem to limit the power of the court to go beyond the sum demanded and yield to the defendant the opportunity to pay the sum without reduction.

To sustain plaintiffs' contention would do violence to the language of section 255 of the Civil Practice Act by treating the word " suppose " as surplusage. The word " suppose " would be meaningless if held to refer only to the word " damages." For the plaintiffs do not suppose themselves entitled to damages. They " know " that in a proper case they *are entitled* to damages. The adoption of the word " suppose " is the outgrowth of the liberality permitted in the plaintiff's demand. He may demand as much or as little as he supposes or thinks or believes himself entitled to, and if he later cares to reduce or increase the amount of his demand he may do so by amendment. The plaintiffs cannot complain that they are handicapped by being required to specify a definite sum of money. Great liberality has always been permitted in the

drafting and amendment of complaints. " Under our present system of practice a plaintiff is not to be turned out of court, when an answer had been interposed, because he has prayed for too much or too little, or for wrong relief." (*Murtha* v. *Curley*, 90 N. Y. 372, 377.)

" Formal demand of relief  *  *  *  is not decisive of the legal or equitable character of the action.  *  *  *.  (*Bell* v. *Merrifield*, 109 N. Y. 202.) "  (*O'Brien* v. *Fitzgerald*, 143 N. Y. 377, 381.)

" A complaint is not demurrable if the facts stated show that the plaintiff is entitled to any relief, either legal or equitable, upon the ground that the party has not demanded the precise relief to which he appears to be entitled." (*Lester* v. *Seilliere*, 50 App. Div. 239, 242.)

Many and learned arguments have been advanced as to the intention of the Legislature in the adoption of section 255 and as to the legal construction of that section. The court, however, feels that from either a practical or a legal point of view they are not significant. The defendant should not be required in a negligence action in perhaps only one court to wander around in the dark, in order to determine not entirely what he thinks the plaintiff should recover, but what the plaintiff might recover in the event of a trial. And all this while he may be willing to pay the amount that the plaintiff demands if he knew how much he demanded. We cannot brush this aside by any argument that plaintiffs in negligence actions are privileged to and sometimes demand exorbitant sums. For what might seem a large sum to one defendant might, by reason of the financial circumstances of another, be reasonable, if not trivial; and, too, a defendant should be able to pay for a bent fender on an automobile without waiting for trial or guessing the cost of repairs and even then awaiting the trial. Reason and common sense require that defendant be given an opportunity in an action for a sum of money only to pay the amount to which the plaintiff supposes himself entitled.

Motion granted, with ten dollars costs.