THELMA BOWMAN SPEAR LEWISOHN, Appellant, v. DIAL PRESS, INC., Respondent, Impleaded with LUDWIG LEWISOHN and Another, Defendants.

First Department, June 19, 1942.

*Adele I. Springer,* for the appellant.

*Gabriel Kaslow* of counsel [*Alvin R. Cowan* with him on the brief; *Weil, Gotshal & Manges,* attorneys], for the respondent.

PER CURIAM. The publication, on October 16, 1940, of the book which contained the alleged defamatory matter included statements to the effect that the plaintiff was unfit to be intrusted with the guardianship of her child and that in a proceeding involving that issue the Special Term of the Supreme Court had so held. It is conceded that a decision of the Special Term had denied custody to the plaintiff and had awarded custody to the father. Accordingly, on October 16, 1940, the statement concerning the decision of the Special Term constituted the fair report of a judicial proceeding and was not actionable.

When the subsequent order of the Supreme Court denying the plaintiff's motion to award to her the custody of her child was reversed, however, and when upon a further hearing custody was awarded to the plaintiff on May 16, 1941, as a person eminently fit to be so intrusted, the report which was previously justified by the facts was no longer true. The defendant might not thereafter with impunity distribute quantities of the book containing a statement which it knew to be false. We think the Statute of Limitations, at least so far as concerns such a statement, did not commence to run in favor of the defendant until the report which it published was false and could have been made the basis of a cause of action for libel. Otherwise the plaintiff could at no time maintain such an action no matter how detrimental the libel might be. That circumstance alone serves to distinguish the present case from *Wolfson* v. *Syracuse Newspapers, Inc.* (279 N. Y. 716; affg. 254 App. Div. 211).

This renders unnecessary consideration of the question whether any other of the alleged statements published in the book are within the Statute of Limitations.

The order should be reversed, with twenty dollars costs and disbursements, and the motion to dismiss the complaint denied, with leave to the defendant-respondent to answer within ten days after service of order with notice of entry thereof, on payment of said costs.

Present — MARTIN, P. J., UNTERMYER, DORE, COHN and CALLAHAN, JJ.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion denied, with leave to the defendant-respondent to answer within ten days after service of order, on payment of said costs.