Gustave B. GARFIELD, Plaintiff-
Appellant,

v.

Edmund PALMIERI, Defendant-Appellee.

No. 65, Docket 27047.

United States Court of Appeals
Second Circuit.

Argued Nov. 8, 1961.

Decided Jan. 5, 1962.

Gustave B. Garfield, New York City, pro se.

Robert M. Morgenthau, U. S. Atty. (David Klingsberg and Lola S. Lea, Asst. U. S. Attys., New York City, of counsel), for defendant-appellee.

Before LUMBARD, Chief Judge, and MEDINA and WATERMAN, Circuit Judges.

PER CURIAM.

The plaintiff, an attorney, complained against the defendant, a Judge of the United States Court for the Southern District of New York, for an alleged libel and seeks money damages of a quarter-million dollars. The complaint stemmed from a ruling made in open court during the argument of a motion, as the result of an exchange between counsel concerning the meaning of a statement in a prior opinion of this Court. See Fleischer v. Phillips, 2 Cir. 1959, 264 F.2d 515, 518. Suit was initiated in the Supreme Court of the State of New York and the case was removed, pursuant to 28 U.S.C. § 1442, to the United States District Court for the Southern District of New York, where a motion was made to dismiss the complaint under Rule 12(b) (6), Fed.R.Civ. Proc. 28 U.S.C. The motion was made upon affidavit to which exhibits outside of the pleadings were attached going to the merits of the facts involved in the action. Plaintiff, opposing this motion for dismissal, pointed out that the filing of the supporting affidavit caused the purported motion under Rule 12(b) (6) to be, instead, a motion for summary judgment under Rule 56, Fed.R.Civ. Proc., filed an affidavit of his own on the merits, and prayed that defendant's motion be denied.

The court below treated the defendant's motion to dismiss as a motion for summary judgment and, after discussing the issues before him in a lengthy and perceptive opinion, reported at 193 F. Supp. 137, granted the motion.

The facts upon which this litigation has been superimposed are set forth in Judge Bryan's reported opinion. The claim urged below that New York law as set forth in the decision of the New York Court of Appeals in Murray v. Brancato, 290 N.Y. 52, 48 N.E.2d 257, 146 A.L.R. 906, is determinative continues to be advanced by appellant on appeal. We find Murray v. Brancato inapplicable. We concur with the judge below that federal law governs, and that under federal law a federal judge is protected by an absolute privilege against civil liability for statements made by him in an opinion written by him. We also hold, with the judge below, that Judge Palmieri's transmission to West Publishing Company, in compliance with West's request, of a copy of his written opinion previously filed in the office of the Clerk of his Court was within the perimeter marking the outlines of the absolute privilege of federal judges against civil liability, an immunity recognized for years as necessary in order that federal judges may act fearlessly in performing their vital responsibilities that include duties in the administration of justice as well as in the deciding of cases. Bar and Bench alike rely upon the West Reporter volumes as sources in which to find the decisions of the U. S. Courts of Appeals and of the U. S. District Courts; and we take judicial notice that an opinion of a federal

circuit or district judge is considered "not reported" until it appears in Federal Reporter or Federal Supplement.

Affirmed.