■ JOSEPH MORGAN, Respondent, v GOOD HUMOR CORPORATION, Defendant, and LICON CONSTRUCTION CO., INC., Appellant.—In a negligence action to recover damages for personal injuries, defendant Licon Construction Co., Inc., appeals from so much of an order of the Supreme Court, Nassau County, dated September 29, 1975, as, upon renewal and reargument, (1) granted plaintiff's motion for leave to serve an amended complaint and bill of particulars, (2) denied its cross motion to take an examination before trial of plaintiff's expert medical witness and (3) made certain provisions concerning a prior order requiring plaintiff to furnish copies of his correspondence with his medical expert. Order affirmed insofar as appealed from, without costs or disbursements. Plaintiff was injured in an industrial accident on May 4, 1965. This action to recover $100,000 damages for personal injuries was commenced in March, 1966. Plaintiff's bill of particulars was served in September, 1968. In April, 1975 plaintiff moved to increase the *ad damnum* clause of his complaint to $5,000,000, upon the ground that the trauma he sustained in the accident caused him to contract multiple sclerosis. In our opinion, Special Term did not abuse its discretion in granting the relief sought. The motion to amend was made within a reasonable time after plaintiff obtained a favorable opinion from a medical expert in the field of the possible connection between the accident and multiple sclerosis. Notwithstanding the rather equivocal statements in the medical certificate furnished in support of the application, the interests of justice require that the trier of the facts ultimately resolve the issue of whether the blow to plaintiff's head sustained in the accident was the competent producing cause of the multiple sclerosis from which he now suffers (cf. *Di Guilmi v Bress,* 51 AD2d 1014). Gulotta, P. J., Hopkins, Latham, Cohalan and Hawkins, JJ., concur.

■ SALLY NEMEROVER, Also Known as SALLY LIPPNER, Appellant, v GERALD S. HELD et al., Respondents.—In a defamation action, plaintiff appeals from an order of the Supreme Court, Kings County, dated July 28, 1975, which granted defendants' motions to dismiss the complaint. Order affirmed, with one bill of $50 costs and disbursements jointly to defendants appearing separately and filing separate briefs. The comments made by the defendant Held, "in open and public court", were absolutely privileged (see *Karelas v Baldwin,* 237 App Div 265; see, also, *Douglas v Collins,* 243 App Div 546, affd 267 NY 557; *Salomon v Mahoney,* 271 App Div 478). Likewise, defendants were absolutely privileged in publishing the transcript of the September 20, 1974 proceedings (see Civil Rights Law, § 74). Plaintiff's reliance on section 235 of the Domestic Relations Law is misplaced since the published transcript merely sets forth a colloquy between the court and the attorney who succeeded plaintiff. Hopkins, Acting P. J., Cohalan, Damiani, Shapiro and Titone, JJ., concur.