OPINION OF THE COURT
John A. Monteleone, J.
In this action for personal injuries, Ruth Streit moves to serve and file (1) an amended complaint increasing the ad damnum clause from $300,000 to $900,000 and (2) an amended bill of particulars, pursuant to CPLR 3017 and 3025.
This plaintiff sustained injuries to her head and body in a motor vehicle accident. She received emergency treatment at Booth Memorial Hospital and thereafter came under the care and treatment of Samuel Karlan, M.D., a board certified neurologist and psychiatrist whose affidavit is submitted in support of this motion. In addition, this plaintiff was hospitalized at Mount Sinai Hospital.
The medical proof annexed indicates that Ruth Streit has sustained post traumatic seizures secondary to cortical atro *296 phy. This plaintiff has suffered continuous psychomotor seizures as sequelae in addition to other neurological, mental and emotional disturbances which are permanent and causally connected.
This court finds the use of ad damnum clauses archaic in custom serving no meaningful purpose. The amount of damages recoverable by a plaintiff should not be influenced by a specific monetary demand in the pleadings, nor should a plaintiff be circumscribed thereby. The ultimate damages to which a plaintiff is entitled is a matter of proof to be tested by the rigors and safeguards of a trial. Also, damages in the ad damnum clause are frequently exaggerated in order to insure that the amount ultimately awarded by a verdict does not exceed the amount pleaded. Such exaggerated demands may attract undue publicity resulting in unwarranted prejudice to the defendant. In light of this, the question presented is whether the ad damnum clause is required at all.
CPLR 3017 provides: "(a) Generally. Except as otherwise provided in subdivision (c) of this section, every complaint * * * shall contain a demand for the relief to which the pleader deems himself entitled.”
It should be noted that this subdivision only requires that the complaint specify the type of relief demanded, and not the amount of damages demanded, if damages is the relief sought.
CPLR 3017 (subd [c]) is concerned with medical malpractice actions and states: "In an action for medical malpractice the complaint * * * shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled.”
This subdivision further provides that the defendant may request a "supplemental demand setting forth the total damages to which the pleader deems himself entitled”. Such a demand must be provided within 15 days of the request. Apparently the intent of CPLR 3017 (subd [c]) is to limit the use of ad damnum clauses in medical malpractice. This lack of any requirement that there be an ad damnum clause in the complaint, when read in conjunction with the rules in the CPLR that require special damages to be specifically listed makes it very clear that the position taken by the CPLR is that there is no requirement that a demand for damages specify a definite sum of money. In support of this position the Court of Appeals stated in A.S. Rampell, Inc. v Hyster Co. (3 NY2d 369, 383): "There is no requirement that the measure of *297 damages be stated in the complaint so long as facts are alleged from which damages may properly be inferred”. (See, also, Lurie v New Amsterdam Cas. Co., 270 NY 379; Winter v American Aniline Prods., 236 NY 199; and Gumb v Twenty-Third St. Ry. Co., 114 NY 411.)
Accordingly, this court finds that as long as facts are alleged in the complaint from which damages can be inferred there is no requirement for an ad damnum clause. However, it is necessary for the complaint to contain a clause which alleges that the relief sought meets the jurisdictional requirement of the court.
In the instant motion we are not faced with the situation where the plaintiffs have omitted the ad damnum clause; rather the plaintiffs seek to amend the ad damnum clause. Although the ad damnum clause is not required, where a plaintiff sees fit to include such a clause the court cannot vitiate it. Therefore, the plaintiff seeking to amend his ad damnum clause must adhere to established principles of law. (White v Jewish Hosp. & Med. Center of Brooklyn, 60 AD2d 627; Morgan v Good Humor Corp., 54 AD2d 561.)
In view of the foregoing and the failure of the defendants to show any prejudice or laches, the motion is granted with leave to amend the complaint and bill of particulars as annexed to the moving papers and both are deemed served. Defendants are to serve an answer to the amended complaint within 20 days after service of a copy of the order with notice of entry.
By reason of the relief granted defendants shall be entitled to another physical examination and further discovery, if so advised. This plaintiff is also directed to furnish defendants with authorizations to all hospital admissions.