OPINION OF THE COURT
Charles H. Cohen, J.
In this action for slander, the jury, after a trial during which the court dismissed the complaint as to defendant Chase Manhattan Bank, N. A., rendered a verdict in favor of the plaintiff against the defendant Lou G. Siegel in the amount of $3,000. This defendant now seeks to dismiss the complaint on the ground that the complaint is defective. Included as a basis for dismissal is an allegation' that the complaint is “defective jurisdictionally in that it makes no demand for relief”. Defendant argues that since this court has a jurisdictional limit of $10,000 (CCA, § 202) and since the complaint did not ask for the recovery of a specific amount, this court had no jurisdiction to hear the case.
The court finds no merit in this argument. While CPLR 3017 (subd [a]) states that the complaint “shall contain a *647 demand for the relief to which the pleader deems himself entitled” and while it is customary that there be an ad damnum clause in a complaint, this is not a jurisdictional requirement.* CPLR 3017 (subd [a]) further states that “the court may grant any type of relief within its jurisdiction appropriate to the proof whether or not demanded, imposing such terms as may be just.” Thus, this court has jurisdiction to grant a money judgment up to $10,000 even though it is not demanded in the complaint. (Matter of Silvestris v Silvestris, 24 AD2d 247, 250; Kaminsky v Kahn, 23 AD2d 231; Herwick v Stiehl, 68 Misc 2d 850.) In the event that there were a verdict in excess of $10,000, the court could simply have amended the verdict to conform with the monetary jurisdiction of the court. (Izzi v Dolgin, 42 AD2d 966.)
Having disposed of the jurisdictional question raised by the defendant, what remains is a claim by defendant that the complaint was defective on its face in that, in addition to the omission of an ad damnum clause, the complaint did not set forth the particular words complained of as required by CPLR 3016 (subd [a]) and did not set forth the special damages claimed.
It seems reasonably clear that the complaint was in fact defective as claimed by the defendant. No doubt, if defendant had made a motion to dismiss on the ground that no cause of action was stated (CPLR 3211, subd [a], par 7), the motion would have been granted. Yet, it 'probably would have been granted with plaintiff being given leave to plead again had he requested it in the opposing papers (CPLR 3211, subd [e]), and plaintiff would have had an opportunity to set forth a proper cause of action (see Sanders v Schiffer, 39 NY2d 727) which, in view of the outcome of the trial, he clearly had. Defendant, by failing to move to dismiss the complaint prior to trial, waived its right to attack the form of the complaint and now, the trial having been had, plaintiff is entitled to his motion, made pursuant to CPLR 3025 (subd [c]), to conform the pleadings to the evidence. (Jemzura v Jemzura, 29 AD2d 797, affd 26 NY2d *648 1021; see, also, National Bank of Deposit of City of N. Y. v Rogers, 166 NY 380.) Defendant was not at all surprised or prejudiced by the evidence presented since the bill of particulars set forth the exact words of the claimed slander and set forth, in general, the manner in which plaintiff claimed damages. Parenthetically, with respect to the latter point, the court notes that plaintiff, a businessman, claimed that defendant’s manager said that plaintiff’s “credit is no good” in the presence of a customer of plaintiff. While plaintiff seems to have proceeded on a claim for “plain slander” (slander per quad) in which special damages must be shown, it would appear that plaintiff may also have had a claim for “slander per se” in which special damages need not have been shown. (GTP Leisure Prods, v B-W Footwear Co., 55 AD2d 1009,1010.)
The court notes that defendant relies on cases holding that plaintiff may not recover a sum greater than that set forth in the ad damnum clause of the complaint. In such a situation, defendant has a right to rely on the amount of the ad damnum clause as the maximum amount of the claim being asserted against him. In the instant case, no sum was set forth and therefore defendant cannot claim that it was relying on any particular figure. If defendant had made a motion concerning the form of the complaint, it would have had the right to require plaintiff to set forth the amount of damages claimed. (Swiss Credit Bank v International Bank, 23 Misc 2d 572; Geisler v Rutkowski, 177 Misc 284.) Apparently, it chose to do nothing and rely upon the $10,000 jurisdictional limit of this court.
In summary, while plaintiffs complaint may have been defective, defendant waived any objection it may have had on this point and suffered no surprise or prejudice. Accordingly, defendant’s motion is denied.

 Indeed, there may be no such requirement at all unless defendant demands it. (See Streit v Parker, 94 Misc 2d 295; cf. CPLR 3017, subd [c].)