Terry Ray TAYLOR, Plaintiff,

v.

WEST PUBLISHING COMPANY, President of West Publishing Company; Editor of West Publishing Company; Board of Directors of West Publishing Company; Stockholders of West Publishing Company, et al., Defendants.

Civ. No. 4–82–740.

United States District Court,
D. Minnesota,
Fourth Division.

Aug. 20, 1982.

---

Terry Ray Taylor, pro se.

Vance K. Opperman, Minneapolis, Minn., for defendants.

## ORDER

DIANA E. MURPHY, District Judge.

Plaintiff Terry Ray Taylor filed this action pursuant to Title 42, United States Code, Section 1983, on May 21, 1982. In his pro se complaint, Taylor alleges that defendants West Publishing Company, its president, editor, directors, and shareholders (West), have published and distributed libelous statements about him causing him severe and extensive irreparable injury. The statements which are the subject of Taylor's complaint are those of Judge Bryan Simpson of the Fifth Circuit Court of Appeals in an opinion he wrote in the case of *Taylor v. Gibson,* 529 F.2d 709 (5th Cir. 1976). This opinion was published verbatim by defendant West Publishing Company. After filing the complaint herein, Taylor moved to add Judge Simpson as a defend-

ant, and West moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that the complaint fails to state a claim upon which relief can be granted.

On July 28, 1982, United States Magistrate Floyd E. Boline issued a Report and Recommendation, recommending that Taylor's motion to add Judge Simpson as a defendant be denied and that West's motion to dismiss be granted. Taylor filed objections to the Magistrate's Report and Recommendation on August 6, 1982.

Taylor objects to the Report and Recommendation on the ground that the actions of Judge Simpson were outside the scope of judicial immunity and constituted libelous statements. In an attempt to satisfy the test for judicial immunity set forth in *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978), Taylor argues that there was no criminal matter before Judge Simpson and that therefore his mention of Taylor's criminal record and his related statements concerning the conclusions which might be drawn therefrom were not judicial acts and were outside his jurisdiction. Taylor also quotes extensively from the opinion in *Harper v. Merckle,* 638 F.2d 848 (5th Cir.), *cert. denied,* 454 U.S. 816, 102 S.Ct. 93, 70 L.Ed.2d 85 (1981).

Taylor's objections raise no issues which have not already been adequately addressed by the Magistrate in his Report and Recommendation. Judge Simpson's actions clearly were judicial actions in that the writing of judicial opinions is a function normally performed by a judge; these actions were performed in Judge Simpson's "judicial capacity." *Stump v. Sparkman,* 435 U.S. 349, 362–65, 98 S.Ct. 1099, 1107–09, 55 L.Ed.2d 331 (1978). It is also clear that Judge Simpson had jurisdiction over the subject matter before him in the *Taylor* case. There is no question that federal courts have jurisdiction over suits brought under 42 U.S.C. § 1983. *See Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). The decision in *Harper v. Merckle,* 638 F.2d 848 (5th Cir. 1981), does nothing to alter

these conclusions, but, on the contrary, provides further support for them. Therefore, Judge Simpson is absolutely immune from any civil liability for making and writing the statements contained in the *Taylor* decision and cannot be properly added as a defendant in this action.

■■ The Magistrate concluded that absolute immunity must be extended to the verbatim publication of judicial opinions. This rule is necessary to prevent a severe limitation of the concept and policy aims of the doctrine of judicial immunity and to insure the unfettered publication and effective dissemination of judicial opinions vital to a system of law based on stare decisis. *See Lowenschuss v. West Publishing Company,* 542 F.2d 180 (3rd Cir. 1976); *Garfield v. Palmieri,* 193 F.Supp. 137 (S.D.N.Y.1961), *aff'd,* 297 F.2d 526 (2d Cir. 1962). Therefore, Taylor's complaint against West which alleges a claim based on the publication·of a judicial opinion fails to state a claim upon which relief can be granted.

Accordingly, based upon this court's de novo review and determination, and all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED:

1. That plaintiff's motion to add Judge Simpson as a defendant is denied.

2. That defendants' motion to dismiss is granted, and the case is dismissed.