**Terry Ray TAYLOR, Appellant,**

v.

**WEST PUBLISHING COMPANY; President of West Publishing Company; Editor of West Publishing Company; Board of Directors of West Publishing Company; Stockholders of West Publishing Company, Appellees.**

No. 82–2329.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 30, 1982.

Decided Dec. 3, 1982.

Rehearing Denied Jan. 3, 1983.

in *Taylor v. Gibson* was a judicial act within the jurisdiction of the court and thus absolutely privileged. *See Stump v. Sparkman,* 435 U.S. 349, 355–57, 98 S.Ct. 1099, 1104–05, 55 L.Ed.2d 331 (1978).

After reviewing the record in this case, we have concluded the district court did not err either legally or factually in dismissing this case and refusing to add Judge Simpson as a defendant. Accordingly, we affirm on the basis of the district court's well-reasoned opinion. *See* 8th Cir. R. 14.

Terry Ray Taylor, pro se.

Vance K. Opperman, Opperman & Paquin, Minneapolis, Minn., for appellees.

Before BRIGHT, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

PER CURIAM.

Terry Ray Taylor appeals pro se from the district court's[1] dismissal, 548 F.Supp. 61, of his action brought pursuant to 42 U.S.C. § 1983. Appellant alleges that West Publishing Co. libeled him by publishing and distributing defamatory remarks contained in *Taylor v. Gibson,* 529 F.2d 709 (5th Cir. 1976), an opinion written by Judge Bryan Simpson of the Fifth Circuit Court of Appeals. Appellant further claims that the district court erred in denying his motion to add Judge Simpson as a defendant.

 The district court held that West Publishing Co. was cloaked with absolute immunity from suit for libel in publishing verbatim judicial opinions. *See Lowenschuss v. West Publishing Co.,* 542 F.2d 180 (3d Cir.1976). The court further held that Judge Simpson's act of writing the opinion

---

1. The Honorable Diana E. Murphy, United States District Judge for the District of Minnesota.