OPINION OF THE COURT
William D. Friedmann, J.
facts
Plaintiff, a New York corporation, through its agent, the manager of said corporation, entered into a home improvement contract with the defendant, a New York State attorney, for roof repairs to the defendant’s home in 1977. The contract provided that the cost of the roof repair would be $856. The defendant does not contend that the repairs were not completed in a workmanlike manner. Nevertheless, to date defendant has paid only $200 to the plaintiff. Demand for payment was duly made both in person and in writing by the plaintiff and a balance remains of $656 which the plaintiff seeks to recover in addition to costs and interest.
It is the defendant’s contention that in accordance with section 773-11.0 of the Administrative Code of the City of New York plaintiff’s claim is barred because plaintiff is not duly licensed for purposes of said contract because of the fact that the contract entered into by plaintiff and *280 defendant bears a different address for the plaintiff than that which appears on plaintiff’s license with the Consumer Affairs Bureau.
In addition, the certificate produced at the trial was dated December 18, 1981 and the contract bore a different license number, thus defendant further contends that no license whatsoever was issued to plaintiff in 1977, the year when said contract was entered.
THE LAW
In accordance with section 773-11.0 of the Administrative Code which provides that, “a license shall be valid only for the location designated upon the application therefor” and further provides that licensees shall notify the consumer of a change of address plaintiff’s claim is barred.
The statute was enacted by the city council for the purpose of protecting homeowners. The legislation required the licensing of persons engaged in the home improvement remodeling and repair business, as is the business of the plaintiff in the case at bar. This legislation was enacted under the city council’s police power for the safety and protection of the public. (Buffoleno v Denning, 82 Misc 2d 472.)
There is no dispute as to whether the work done by the plaintiff was completed and whether it was satisfactorily completed. There is no disagreement regarding the price provided for in the contract. Defendant is an attorney of New York State and in his knowledge of the law of this State correctly states that plaintiff because he is not licensed in accordance with the provisions of the Administrative Code is not entitled to collect the balance of the agreed upon cost for the roof repair. Defendant states in his papers that the $200 paid to plaintiff covers the cost of the materials and this has not been proven to the contrary. The statute was enacted to protect the public and although the result appears to be unjust the law is the law.
CONCLUSION
Compliance with the law is necessary and the Administrative Code is explicit in that the certificate with the address of the licensee is a must. Unfortunately, such an explicit provision cannot be relaxed although a party *281 should be paid for his completed and satisfactory work as should the plaintiff before this court.
Accordingly, judgment is awarded in favor of defendant, this action is dismissed.