Patrick BEARY, Plaintiff-Appellant,

v.

WEST PUBLISHING COMPANY,
Defendant-Appellee.

No. 927, Docket 84–7965.

United States Court of Appeals,
Second Circuit.

Argued April 11, 1985.

Decided May 23, 1985.

that a person not properly licensed as a roofer could not collect the balance of the agreed-upon price for roof repairs and that "although the result appears to be unjust the law is the law." Judge Friedmann further stated that Beary did "not contend that the repairs were not completed in a work manlike [sic] manner" and that the statutory requirement that the roofer possess a proper license "cannot be relaxed although a party should be paid for his completed and satisfactory work as should the palintiff [sic] [Estate Roofing Co., Inc.] before this Court."

The Friedmann opinion was forwarded to the New York State Reporter, which sent it to West Publishing Company ("West"), the defendant in this action, which on August 24, 1983, published it as received (with the correction of a single typographical error) in its paperbound Advance Sheet edition. Beary then moved to vacate Judge Friedmann's opinion and asked West to withhold publication of the opinion in bound volumes, contending that it gratuitously portrayed him, a lawyer, in an unfavorable light as a "dead beat" who had used a legal technicality to avoid a payment due. He claimed that, if Judge Friedmann had not decided the case on the legal ground, he would have shown that Estates Roofing Co. had been guilty of poor workmanship.

Judge Friedmann denied Beary's motion to vacate the opinion but requested the New York State Reporter to eliminate Beary's name from the opinion, which was done by substituting "Homeowner" for "Beary." By letter dated November 7, 1983, the New York State Reporter advised West of Judge Friedmann's order. Thereafter, both the official bound New York State report, *see* 121 Misc.2d 279, and the bound West report, *see* 464 N.Y.S.2d 951, published the opinion with "Homeowner" as the defendant and without any mention of Beary.

Notwithstanding this background, on August 6, 1984, Beary filed the present federal action claiming that West's paperback Advance Sheet copy of the Friedmann opinion was libelous and defamatory since it

Patrick Beary, Jamaica, N.Y., pro se.

Laura B. Hoguet, New York City, Vance K. Opperman and James E. Schatz, Opperman & Paquin, Minneapolis, Mn., (White & Case, New York City, of counsel), for defendant-appellee.

Before MANSFIELD, KEARSE and PRATT, Circuit Judges.

MANSFIELD, Circuit Judge.

Patrick Beary, an attorney, appeals from an order and judgment of the Eastern District of New York, I. Leo Glasser, *Judge,* granting defendant's motion for summary judgment dismissing Beary's diversity libel action for $5,000,000 damages based on defendant's publication of an opinion authored by Judge William D. Friedmann of the Civil Court of the City of New York. We affirm.

The alleged libelous decision giving rise to the present federal suit was rendered in Beary's favor in a Civil Court action by Estates Roofing Co., Inc., against Beary for a balance of $656 due on a home improvement contract for roof repairs to his house. Upon Beary's motion at the close of the plaintiff's evidence in that case Judge Friedmann dismissed the suit on the ground that the roofer who performed the work was not licensed in accordance with New York City's Administrative Code, § 773–11.0. In his opinion, as filed and forwarded to the New York State Reporter, Judge Friedmann noted that Beary, an attorney, had correctly stated the law to be

falsely and maliciously represented him, a lawyer, as "conniving, contemptible, a swindler, trickster, deceiver, a 'deadbeat' and a 'shyster' and a person to be avoided, shunned and distrusted, that by reason of his 'knowledge of the law,' Beary tricked and deceived the Estates Roofing Company out of hundreds of dollars". It alleged that there was no factual basis for the opinion's statements that the satisfactory completion of the roofing work was undisputed and that the roofer should be paid for his completed and satisfactory work. The complaint further alleged that West was negligent in publishing the Advance Sheet edition of the opinion.

Judge Glasser in open court granted West's motion for summary judgment on the grounds that Judge Friedmann's opinion was not defamatory and that in any event West was "absolutely privileged under Section 74 of the Civil Rights Law." From this decision Beary appeals.

### DISCUSSION

■ Beary's initial contention, that West by filing an answer waived its right to move to dismiss the complaint or, in the alternative, for summary judgment must be rejected out of hand as frivolous. Although Fed.R.Civ.P. 12(b) encourages the responsive pleader to file a motion to dismiss before pleading, nothing in the rule prohibits the filing of a motion to dismiss with an answer and Fed.R.Civ.P. 56(b) expressly authorizes a party to file a motion for summary judgment "at any time." A plaintiff is not prejudiced by the filing of such motions simultaneously with an answer, as was done here, and that very filing puts the plaintiff on notice that the defendant is not waiving its right to assert the motions.

■ We move then to the central issue, which is whether § 74 of the New York Civil Rights Law provides an absolute defense to West. Section 74 provides in pertinent part:

"A civil action cannot be maintained against any person, firm or corporation, for the publication of a fair and true report of any judicial proceeding, legislative proceeding or other official proceeding, or for any heading of the report which is a fair and true headnote of the statement published."

Upon its face the statute confers an absolute immunity, regardless of proof of malice or negligence, upon any person who publishes a "fair and true report" of a judicial opinion. The purpose of the statute in part is to implement the public policy in favor of encouraging publication and dissemination of judicial decisions and proceedings as being in the public interest. *See Lowenschuss v. West Publishing Co.,* 542 F.2d 180, 185–86 (3rd Cir.1976); *Garfield v. Palmieri,* 297 F.2d 526, 527 (2d Cir.), *cert. denied,* 369 U.S. 871, 82 S.Ct. 1139, 8 L.Ed.2d 275 (1962). *See also* the concurring and dissenting opinion of Justices Mollen and Titone in *Gurda v. Orange County Publications Div. of Ottaway Newspapers, Inc.,* 81 A.D.2d 120, 439 N.Y.S.2d 417 (2d Dept.1981), which on appeal was adopted by the New York Court of Appeals as the basis for its reversal, 56 N.Y.2d 705, 436 N.E.2d 1326, 451 N.Y.S.2d 724 (1982). Justices Mollen and Titone stated:

"The purpose of providing immunity to fair and true reports of judicial proceedings is said to be to encourage the dissemination of information concerning the judicial branch of government and thereby to serve the public interest 'in having proceedings of courts of justice public, not secret, for the greater security thus given for the proper administration of justice.' (*Lee v. Brooklyn Union Pub. Co.,* 209 N.Y. 245, 248, 103 N.E. 155, see, also, *Shiles v. News Syndicate Co.,* 27 N.Y.2d 9, 14, 313 N.Y.S.2d 104, 261 N.E.2d 251)." 81 A.D.2d at 131, 439 N.Y.S.2d at 423–24.

Since West's Advance Sheet publication of Judge Friedmann's opinion reproduced it precisely as written by the judge, it clearly constituted a "fair and true report" within the meaning of § 74.

■ Beary, relying on the 42-year-old decision of the New York Court of Appeals in

*Murray v. Brancato*, 290 N.Y. 52, 48 N.E.2d 257 (1943), contends that the immunity granted by § 74 extends only to the "official" reporter of judicial decisions, in this case the New York State Reporter, and not to West, which is an unofficial reporter. In *Brancato*, a 4–3 decision, the court held that a New York state judge, while absolutely privileged when he writes an opinion and sends it to the official reporter, has only a qualified privilege, defeasible upon proof of actual malice, when he sends it to West, an unofficial reporter. The majority, however, declined to rule on whether § 74 (then § 1907 of the N.Y.Code of Civil Procedure and § 337 of the N.Y.Civil Practice Act), conferred absolute immunity on the publisher of a fair and true report of judicial proceedings, pointing out that there "may be doubt too whether the statute is intended to apply to the publication *by a judge* of an opinion written by himself," 290 N.Y. at 59, 48 N.E.2d at 260 (emphasis supplied), and that in any event the statutory question could not be considered because it had not been pleaded as a defense.

Our review of the decisional law since *Brancato* was decided satisfies us beyond any serious question that, whatever doubts may have existed in 1943, § 74 grants absolute immunity to the publisher of a true report of a New York state court judicial opinion, whether the reporter is classified as "official" or "unofficial." *See Holy Spirit Ass'n for Unification of World Christianity v. New York Times Co.*, 49 N.Y.2d 63, 399 N.E.2d 1185, 424 N.Y.S.2d 165 (1979); *Gurda v. Orange County Publications Div. of Ottaway Newspapers Inc., supra; Nemerover v. Held*, 54 A.D.2d 561, 387 N.Y.S.2d 14 (2nd Dept.1976) ("[D]efendants were absolutely privileged in publishing the transcript of the September 20, 1974 proceeding (see Civil Rights Law, § 74)."); *see also Lowenschuss v. West Publishing Co., supra; Garfield v. Palmieri, supra.*[1]

◼ Beary further argues that West is not entitled to § 74 immunity because it

received the *Estate Roofing Co.* opinion directly from Judge Friedmann rather than from the official New York State Reporter. We disagree. For reasons already stated, since the published West report was "fair and true" the route by which it reached West is immaterial. Secondly, the affidavit of Arnold O. Ginnow, West's Vice-President and Editor-in-Chief, reveals that the *Estates Roofing Co.* opinion received by West bore the number "3990" on the last page, which is the number assigned by the official New York State Reporter to the opinion, showing that it was received from the latter. Despite his contrary claims, Beary has neither come forward with evidence supporting them or refuting the Ginnow affidavit, as required by Fed.R.Civ.P. 56(e), nor sought discovery under Fed.R.Civ.P. 56(f).

◼ The judgment of the district court is affirmed. In view of the complete frivolousness of this appeal we award to the appellee double costs and $1,000 damages against appellant pursuant to F.R.A.P. 38. *See also* 28 U.S.C. §§ 1912, 1927.

---

1. Minnesota, where West's reports are published, likewise grants an absolute privilege to reports of judicial proceedings. Minn.Stat.Ann.

§ 609.765, subdiv. 3(4); *Schuster v. U.S. News and World Report, Inc.*, 602 F.2d 850, 854 (8th Cir.1979).