Lorentz W. HANSEN, Plaintiff,

v.

PRENTICE–HALL, INC., Defendant.

No. 84 Civ. 7540 (CBM).

United States District Court,
S.D. New York.

Sept. 11, 1985.

Lorentz W. Hansen, White Plains, plaintiff, pro se.

Mailman & Gigante by Alexander Gigante, New York City, for defendant.

## MEMORANDUM OPINION

MOTLEY, Chief Judge.

Plaintiff, an attorney, has brought this action claiming that defendant, Prentice-Hall, Inc., has defamed him by republishing a Second Circuit slip opinion, *Lyddan v. United States,* Dkt. No. 83-6022, which according to plaintiff, contained a libelous statement as to plaintiff. Defendant has moved for summary judgment and seeks sanctions against plaintiff pursuant to Federal Rules of Civil Procedure, Rule 11. Defendant's motion for summary judgment is granted. Its motion for sanctions is denied.

## FACTS

On November 1, 1983, the Second Circuit issued an opinion, *Lyddan v. United States,* Dkt. No. 83-6022. Plaintiff, who was counsel for the plaintiff-appellant in *Lyddan,* requested that the appellate court revise its opinion in that case to delete a certain statement he believed to be libelous as to himself as the attorney for *Lyddan.*

The court deleted the statement on November 9, 1983, 721 F.2d 873.

Defendant, Prentice Hall, Inc., had received the original version of the opinion in issue on November 8, 1983. This version of the decision was published verbatim in advance sheet form by defendant on November 17, 1983 in its *American Federal Tax Reports* (2d Series) ["AFTR"]. On November 22, 1983, defendant was sent a copy of the Court of Appeals' amendatory order, five days after the circulation of the advance sheets. When the opinion was published in the permanent bound volume of AFTR, it was the amended version.

Plaintiff, in his amended complaint, asserts he had advised defendant of the opinion's amendment on or about November 9th, 1983. In his affidavit submitted in opposition to this summary judgment motion, however, plaintiff states only that he *believes* he notified defendant of his request to the Court of Appeals to amend its opinion.

## DISCUSSION

In *Beary v. West Publishing Company,* 763 F.2d 66, 69 (2d Cir.1985), the Second Circuit held that section 74 of the New York Civil Rights Law grants absolute immunity to the publisher of a true report of a judicial opinion, regardless of whether the reporter is classified as "official" or "unofficial." Section 74 provides:

> A civil action cannot be maintained against any person, firm or corporation, for the publication of a fair and true report of any judicial proceeding, legislative proceeding or other official proceeding, or for any heading of the report which is a fair and true headnote of the statement published.

At the time defendant published the original opinion of the Court of Appeals, it had not been advised by that court of the amended opinion. What was published by defendant was a "fair and true report" of the original opinion of the appellate court prior to amendment. Since defendant had not received the amended opinion until several days after it had released the original opinion, it should not lose its statutory

privilege. Thus, defendant Prentice Hall has an absolute defense to this libel action. It, therefore, is entitled to summary judgment as a matter of law.

■ Plaintiff has failed to come forward with any proof that defendant was aware of the amended decision prior to its publication of the original opinion. In his sworn affidavit, plaintiff indicates only that he "believes" he advised defendant. Such proof is insufficient to defeat a motion for summary judgment.

■ Defendant also has moved for sanctions against plaintiff in accordance with Rule 11 of the Federal Rules of Civil Procedure, arguing that plaintiff should have voluntarily withdrawn his suit after the Second Circuit decided *Beary, supra*. After carefully reviewing plaintiff's argument in defense of the summary judgment motion, however, this court believes plaintiff might have had good faith reasons to believe his case was distinguishable from *Beary, supra*. Prior to the bringing of this summary judgment motion and the completion of discovery, plaintiff could not be certain that defendants had not received notification of the amended opinion before it had printed the original version. If defendant had received notification prior to the printing, an issue might have existed as to whether or not the privilege attached. Accordingly, defendant's motion for sanctions is denied.

CONCLUSION

Defendant's motion for sanctions pursuant to Federal Rules of Civil Procedure, Rule 11 is denied. Defendant's motion for summary judgment is granted and this action is hereby dismissed with prejudice and discontinued.

SO ORDERED.