Lorentz W. HANSEN,
Plaintiff-Appellant,
Cross-Appellee,

v.

PRENTICE–HALL, INC.,
Defendant-Appellee,
Cross-Appellant.

Nos. 751, 826, Dockets 85–7783, 85–7817.

United States Court of Appeals,
Second Circuit.

Submitted Feb. 24, 1986.

Decided April 16, 1986.

Lorentz W. Hansen, White Plains, N.Y., pro se.

Alexander Gigante, Mailman & Gigante, New York City, for appellee.

Before MESKILL, KEARSE and PIERCE, Circuit Judges.

MESKILL, Circuit Judge:

Lorentz W. Hansen appeals from a judgment of the United States District Court for the Southern District of New York, Motley, C.J., granting Prentice-Hall's motion for summary judgment and dismissing Hansen's complaint. Prentice-Hall cross-appeals from the denial in that same judgment of its motion for sanctions against Hansen pursuant to Fed.R.Civ.P. 11.

Affirmed.

## BACKGROUND

Attorney Hansen was trial and appellate counsel in *Lyddan v. United States,* 721 F.2d 873 (2d Cir.1983), *cert. denied,* 467 U.S. 1214, 104 S.Ct. 2656, 81 L.Ed.2d 363 (1984). Our decision in that case was issued on November 1, 1983. The slip opinion included a sentence which Hansen claims defamed him as Lyddan's trial attorney.

On Hansen's urging, we deleted the sentence by an order dated November 9, 1983. Meanwhile, however, Prentice-Hall had received a copy of the original slip opinion on November 8. Prentice-Hall published the original opinion verbatim in the advance sheet edition of its American Federal Tax Reports on November 17, 1983.

Hansen alleged in his complaint that he had notified Prentice-Hall prior to publication of the advance sheet that he considered the sentence to be libelous and that the sentence did not appear in our "actual" opinion. In his affidavit to the district court in opposition to summary judgment and in his reply brief to this Court, he stated only that he believed he had notified Prentice-Hall that he was attempting to have the sentence removed. Prentice-Hall claims that it actually learned of the amendment of the opinion upon receipt of a letter from a circuit judge's law clerk on November 28, 1983. The amended version of the *Lyddan* opinion was published in the bound version of American Federal Tax Reports.

Hansen, acting *pro se*, sued Prentice-Hall for libel in New York Supreme Court in August 1984. Prentice-Hall removed the suit to the district court on October 19, 1984, and moved for summary judgment and sanctions on August 2, 1985.

In a memorandum opinion dated September 11, 1985, 622 F.Supp. 510, Chief Judge Motley granted summary judgment but denied sanctions. She held that Prentice-Hall was immune from suit under New York Civil Rights Law section 74 as construed in *Beary v. West Publishing Co.*, 763 F.2d 66 (2d Cir.), *cert. denied*, —— U.S. ——, 106 S.Ct. 232, 88 L.Ed.2d 231 (1985). Noting that an issue might have existed as to whether section 74 applied if Prentice-Hall had received notice of our amendment of *Lyddan* prior to publication, Chief Judge Motley found that Hansen's mere allegation of his belief regarding notification was insufficient to defeat the motion for summary judgment. Finding, however, that Hansen might have believed in good faith that he could prove notice and thereby dis-

tinguish this case from *Beary*, Chief Judge Motley denied Prentice-Hall's request for sanctions. Hansen appealed from the grant of summary judgment. Prentice-Hall cross-appealed from the denial of sanctions and also seeks sanctions on appeal.

## DISCUSSION

■ New York Civil Rights Law section 74 immunizes the publisher of a "fair and true report" of a judicial proceeding from civil suit. N.Y.Civ.Rights Law § 74 (McKinney 1976). *See Beary*, 763 F.2d at 68. Hansen's primary claim on appeal is that the publication at issue here was not a fair and true report because the judicial opinion published by Prentice-Hall had been amended prior to its publication. This claim is meritless.

Hansen relies on two old New York decisions, *Stevenson v. News Syndicate Co.*, 302 N.Y. 81, 96 N.E.2d 187 (1950), and *Lewisohn v. Dial Press, Inc.*, 264 App.Div. 370, 35 N.Y.S.2d 551 (1st Dep't 1942), for the proposition that the publication of a court's original opinion after that opinion has been amended is not protected by section 74. In both of those cases, however, the publication was not of the opinion itself but rather of defamatory facts for which a judicial opinion or filing was cited as authority. Here, Prentice-Hall published an indisputably accurate rendition of our original opinion in *Lyddan v. United States*. "Since [Prentice-Hall's] publication of [our] opinion reproduced it precisely as written by the [Court], it clearly constituted a 'fair and true report' within the meaning of § 74," *Beary*, 763 F.2d at 68; *cf. Lowenschuss v. West Publishing Co.*, 542 F.2d 180, 186 (3d Cir.1976) (verbatim publication of opinion containing allegedly defamatory footnote held absolutely privileged), absent any showing that Prentice-Hall had received notice of the amendment prior to publication.

■ Assuming *arguendo* that proof of notice of the amendment prior to publication might have made a difference in the outcome here, the district court correctly found that there was no substantiated alle-

gation of notice sufficient to defeat a motion for summary judgment. In his affidavit in response to summary judgment, as in his reply brief on appeal, Hansen stated only that he *believed* that he had notified Prentice-Hall. Such a statement failed even to allege notice, let alone prove it. *Cf. Eastway Construction Corp. v. City of New York,* 762 F.2d 243, 249 (2d Cir.1985) (mere conclusory allegation insufficient to defeat summary judgment).

■ We turn now to the issue of sanctions. As discussed above, there were state court decisions that arguably could be read to indicate that the post-amendment publication of an original judicial opinion might not be privileged under section 74. Although there were discrepancies, as also noted above, between the factual allegations regarding notice in Hansen's complaint and those subsequently made in Hansen's affidavit and his reply brief on appeal, the district court's finding of his good faith on this point was not clearly erroneous. Because Hansen could "form a reasonable belief that [his complaint was] well grounded in fact and ... warranted by existing law," Rule 11 sanctions were not appropriate below. *Eastway,* 762 F.2d at 254. For similar reasons, sanctions are not appropriate on appeal. *See In re Cosmopolitan Aviation Corp.,* 763 F.2d 507, 517 (2d Cir.), *cert. denied,* — U.S. ——, 106 S.Ct. 593, 88 L.Ed.2d 573 (1985); *cf. Mone v. Commissioner,* 774 F.2d 570, 574 (2d Cir.1985) (applying *Eastway* standard to frivolous appeal).

The judgment of the district court is affirmed.