**John J. FOX, Plaintiff-Appellant,**

v.

**Alfred G. BOUCHER, Defendant-Appellee.**

No. 328, Docket 85–7167.

United States Court of Appeals, Second Circuit.

Submitted Jan. 14, 1986.

Decided June 20, 1986.

John J. Fox, Pearl River, N.Y., submitted brief pro se.

Edwards & Angell, New York City, (David M. Olasov and Alfred R. Paliani, New York City, of counsel), for defendant-appellee.

Before CARDAMONE and PRATT, Circuit Judges and WYZANSKI, District Judge.*

CARDAMONE, Circuit Judge:

An action instituted by John J. Fox, an attorney, against Alfred G. Boucher, a layman, was dismissed on June 11, 1985 by an order in the United States District Court for the Southern District of New York (Sweet, J.) and Fed.R.Civ.P. 11 sanctions in the amount of $4,000 were assessed against the plaintiff. The district court judge described this lawyer's cause of action as "frivolous and brought in bad faith merely to harass the defendant." Fox appeals the June 11 order. We affirm and assess double costs and attorney's fees against appellant.

## BACKGROUND

The facts of this case—as astonishing as they are unfortunate—may be recited briefly. In May 1984 plaintiff, a New York lawyer, owned rental property in Blackstone, Massachusetts that he leased to Janice C. Hogge and her husband on a periodic tenancy. (Mrs. Hogge is the daughter of Alfred G. Boucher, defendant-appellee). The Hogges paid rent weekly. At the time the Hogges were both 23 years old, married less than two years, and had been renting the premises, which Fox had acquired in February 1984, for just under two years. On May 15, 1984 Mr. Hogge unfortunately was critically injured in a motorcycle accident that resulted in his death five days later.

Under these tragic circumstances, Janice Hogge gave notice of her desire to move from the apartment by speaking to Fox's sister who was the building manager. Mrs. Hogge was told by Maureen Fox that if she quit the premises by June 1, 1984 "there would be no problem." By that date Mrs. Hogge had moved back with her family in Billingham, Massachusetts, and requested a return of her $250 security deposit. Unable to obtain it from the man-

ager who said the matter was out of her hands, Mrs. Hogge was told to call attorney Fox, the owner of the building.

On July 2, 1984 Mrs. Hogge called Fox from Massachusetts at his law office in Rockland County, New York to press him for the return of her security deposit. Fox responded that since Mrs. Hogge's husband had just died she would not need the money as she must have collected insurance. These callous comments so distressed Mrs. Hogge that she handed the telephone to her father, who had a brief exchange with Fox regarding the latter's fixed refusal to return the deposit. During this brief conversation Fox alleges that Boucher called him a "rich lawyer" and threatened to sue him for the deposit.

Mrs. Hogge thereafter sued Fox in Small Claims Session of the Uxbridge Massachusetts District Court and recovered the security deposit plus statutory treble damages and interest amounting in all to $809.25. In that action Fox interposed an affirmative defense and counterclaim in which he alleged that Mrs. Hogge and her father had instituted a baseless rent claim as an intentional conspiracy to blackmail him and obtain retribution. Fox claimed that the July 2 telephone call caused him great mental and physical suffering and constituted a *prima facie* tort and extortion. He asked for $5,000 in regular damages plus punitive damages.

Following the September, 1984 trial plaintiff Fox and defendant Boucher encountered one another outside the courthouse and had a second brief exchange. Fox told Boucher: "I'm going to get you for this", and when asked if that was a threat, Fox said: "I'm going to get you in court." One day later attorney Lieb representing Fox sent Boucher a letter advising him that unless Mrs. Hogge gave up her small claims court judgment, Fox would sue Boucher for *prima facie* tort. Several weeks later Boucher received a summons with notice in a New York State Supreme Court action in Rockland County instituted

---

* Hon. Charles E. Wyzanski, Jr., United States District Judge for the District of Massachusetts, sitting by designation.

by Fox against him seeking $100,000 for *prima facie* tort and punitive damages. Boucher retained counsel who obtained a verified complaint. It asserted the identical claims—again based upon the same July 2 telephone call—as those contained in Fox's counterclaim interposed in Mrs. Hogge's security deposit action.

Boucher had Fox's action removed to the Southern District of New York on the basis of diversity and there moved for summary judgment dismissing the action. Judge Sweet granted the motion and dismissed Fox's complaint holding that the July 2 telephone call from Mrs. Hogge to Fox—that precipitated this entire train of events—did not constitute sufficient contact with New York State to support jurisdiction under New York's CPLR 302(A)(2), that state's long-arm statute. We agree.

### DISCUSSION

#### A. *Merits of Dismissal*

■ One single telephone call made to New York State is insufficient contact to support a suit initiated in that forum against an out-of-state resident under either the contract or tort provisions of CPLR 302. *See Mayes v. Leipziger*, 674 F.2d 178 (2d Cir.1982); *Sterling Nat. Bank v. Southern Scrap Export Co.*, 468 F.Supp. 1100 (S.D.N.Y.1979). The mere possibility of foreseeable consequences in New York does not give New York *in personam* jurisdiction. As the Supreme Court states there must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). It would offend "minimum contacts" due process principles to force Boucher, a Massachusetts resident, to litigate this claim in a New York forum on the basis of one telephone call. *See International Shoe Co. v. Washington*, 326 U.S. 310, 316–17, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

■ Nonetheless, we cannot agree with the district court's holding that the order rendered by the Massachusetts Small Claims Court in Mrs. Hogge's suit to recover her security deposit collaterally estops Fox from maintaining this action. That court dismissed all of appellant's counterclaims under authority of G.L. Chapter 186, Sec. 15B(6). This statute prohibits the interposition of a counterclaim in a suit seeking the return of a rental security deposit unless certain prior steps, not here relevant, are followed. Fox's counterclaims were not dismissed on their merits. Whether or not the Massachusetts court correctly dismissed the counterclaims under 15B(6), Fox's claims cannot be said to have been fully and fairly decided on the merits in the course of prior litigation. *See Bottini v. Sadore Management Corp.*, 764 F.2d 116, 121–22 (2d Cir.1985).

■ Yet, a careful review of Fox's claims as set forth in his verified complaint reveals that no cognizable cause of action under New York law is pleaded. Here the facts reveal a total absence of an intent or purpose to do harm to the plaintiff, or evidence that making the telephone call to him was without any purpose of legitimate communication or with an intent to cause damage. Under such circumstances no action may validly be claimed for *prima facie* tort, intentional infliction of emotional distress, abuse of process or aggravated criminal harassment. *See Board of Educ. v. Farmingdale*, 38 N.Y.2d 397, 403, 380 N.Y. S.2d 635, 343 N.E.2d 278 (1975); *Advanced Music Corp. v. American Tobacco Co.*, 296 N.Y. 79, 83–84, 70 N.E.2d 401 (1946); *Halio v. Lurie*, 15 A.D.2d 62, 65–66, 222 N.Y.S.2d 759 (Second Dept.1961); N.Y.Penal Law § 240.30 subd. 2 (McKinney Supp.1986).

#### B. *Imposition of Sanctions by the District Court*

■ The district court's imposition of $4,000 sanctions against appellant after he filed a Fed.R.Civ.P. 60(b) motion to vacate the judgment, in the face of a written decision by the district judge that concluded plaintiff's action was frivolous and brought in bad faith, was well within the district court's discretion under Fed.R.Civ.P. 11. That Rule permits the imposition of sanctions when an attorney signs a pleading that is interposed for an improper purpose

without reasonable inquiry or without grounds justifying the argument advanced.

Plaintiff's complaint was entirely frivolous, and the record shows that it was made as part of a conscious effort to harass appellee Boucher because Boucher's daughter sued Fox to recover a security deposit to which she was entitled under Massachusetts law. Courts look with disfavor on this sort of unfounded spite action. When the litigant is an attorney sanctions are particularly appropriate, *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980), and are expressly authorized under Rule 11. Thus, we affirm the district court's dismissal of Fox's suit and the imposition of sanctions against him.

### C. *Sanctions in This Court*

■ There remains for us to consider appellee Boucher's request for sanctions against the plaintiff in this Court. The record demonstrates that the plaintiff, a lawyer, received a business telephone call from a tenant regarding rental property he owned and a request to return a $250 security deposit, a return that he was statutorily obligated to make. From that one incident, Fox initiated this totally meritless litigation and—despite being advised of its frivolous nature by the district court—persisted in bad faith until the matter came before us.

The flimsy pretext for Fox's lawsuit is his claim that during the July 2 telephone conversation Boucher called him a "rich lawyer." Boucher emphatically denies saying it. Even were such a remark made, it would not provide good grounds for his verified complaint. Leaving aside any question of professional ethics arising from the institution of such a suit, a lawyer should know that the law does not provide a remedy for every petty oppression, aggravating annoyance or minor threat that routinely accompanies everyday life. No matter how upsetting, trivial intrusions of this kind are an inevitable product of our modern existence. Only where the conduct complained of is malicious or so outrageous in character as to exceed the bounds of decency will the law recognize it as an actionable tort. Restatement (Second) Torts § 46 (1965).

■ Accordingly, for substantially the same reasons as those stated by the district court and because the plaintiff has stubbornly refused to abandon his meritless litigation even to the extent of pursuing a frivolous appeal before this Court, we assess double costs and attorney's fees in the amount of $2,500 against him for taking such an appeal pursuant to Fed.R.App.P. 38 and 28 U.S.C. § 1912 (1982). *Schiff v. Simon & Schuster, Inc.*, 766 F.2d 61, 61–62 (2d Cir.1985); *Beary v. West Publishing Co.*, 763 F.2d 66, 69 (2d Cir.), *cert. denied,* — U.S. ——, 106 S.Ct. 232, 88 L.Ed.2d 231 (1985); *Tedeschi*, 757 F.2d at 466.

Judgment affirmed with double costs and attorney's fees in the amount of $2,500 assessed in this Court against appellant Fox.