OPINION OF THE COURT
Memorandum.
Judgment unanimously modified by reducing the amount of the award in favor of plaintiff to the sum of $1,000,000 plus interest and costs and, as so modified, judgment affirmed, without costs.
*49 In this personal injuries action, the complaint seeks damages of $1,000,000 for injuries suffered by plaintiff when the vehicle he was driving was involved in an intersection collision. The action was transferred from the Supreme Court to the Civil Court pursuant to CPLR 325 (d).
At the close of the testimony, the trial court granted a motion by plaintiff to amend the ad damnum clause of the complaint to increase the amount demanded from $1,000,000 to $3,000,000. After deliberating, the jury returned a verdict in favor of plaintiff in the sum of $2,500,000.
In our view, the verdict must be reduced to the sum of $1,000,000, the amount demanded in the complaint.
The granting by the trial court of plaintiff’s motion to increase the ad damnum clause reflects a widespread belief that there is authority in the Civil Court to entertain motions for leave to amend the ad damnum clause in actions transferred to that court pursuant to CPLR 325 (d). This misconception persists despite the fact that the Appellate Division, Second Department, has made it clear that the Civil Court lacks such authority. In Huston v Rao (74 AD2d 127), the court held that the proper procedure is for the plaintiff to move to transfer the action back to the Supreme Court and to move simultaneously for leave to amend the ad damnum clause of the complaint.
We are not unmindful of the fact that this ruling limits the power of the Civil Court to grant a trial or posttrial motion to amend the ad damnum clause to conform to the proof, a power the court would otherwise be free to exercise pursuant to Loomis v Corinno Constr. Corp. (54 NY2d 18) if it were deemed to have acquired the monetary jurisdictional prerogatives of the Supreme Court in a CPLR 325 (d) case (see also, Streit v Parker, 94 Misc 2d 295 [suggesting that no monetary amount be stated in the complaint’s prayer for relief]). Nevertheless, it must be reiterated that as the law currently stands, the Civil Court is without authority to grant leave to increase the ad damnum clause in actions which have been removed to that court from the Supreme Court where the amount of damages, if leave to amend were granted, would otherwise be in excess of the monetary jurisdiction of the Civil Court.
Therefore, in the instant case, the amount of the award must be reduced to the sum of $1,000,000. We note, however, that even absent this compulsion, this court would have ordered a new trial if plaintiff had failed to agree to accept *50 this amount, as the amount awarded by the jury was so disproportionate to the injuries suffered and the earnings lost as not to be within reasonable bounds (see, Riddle v Memorial Hosp., 43 AD2d 750; Drake v State of New York, 97 Misc 2d 1015, affd 75 AD2d 1016, 1017). We have considered the other issues raised on this appeal and find them to be without merit.
Lerner and Pizzuto, JJ., concur.