107 F.3d 4
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Walter M. THOMPSON and Hollis Headrick, Plaintiffs-Appellants,
v.
CORNET STORES, INC. a/k/a Cornet Stores, Defendant-Appellee.
 No. 96-7647.
 United States Court of Appeals, Second Circuit.
 Feb. 12, 1997.
 
 Appearing for Appellants: Victor K. Soffer, New York, New York.
 Appearing for Appellee: Leonard D. Steinman, Tenzer Greenblatt LLP, New York, New York.
 Before OAKES, WINTER and CABRANES, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 3
 Walter M. Thompson and Hollis Headrick appeal from Judge Bartels's dismissal pursuant to Rule 12(b)(2), Fed.R.Civ.P., of their action for wire interception and interception of oral communications under 18 U.S.C. § 2510 et seq. Thompson and Headrick allege injury resulting from an interruption of a telephone call placed by Thompson on a public telephone in one of defendant's stores in Twentynine Palms, California, to Headrick, who was in New York. One of the store's employees allegedly interrupted the call to admonish Thompson for the excessive length of the call. The defendant is not alleged to have any contacts with New York other than this alleged incident.
 
 
 4
 A temporary, random, or tenuous relationship with the forum through one telephone call is not the type of purposeful contact required under New York's long-arm jurisdiction statute, N.Y. C.P.L.R. § 302(a)(3). Fox v. Boucher, 794 F.2d 34, 37 (2d Cir.1986); see also Agency Rent A Car Sys. Inc. v. Grand Rent A Car Corp., 98 F.3d 25, 30 (2d Cir.1996) (applying N.Y. C.P.L.R. § 302(a)(1)); Fiedler v. First City Nat'l Bank of Houston, 807 F.2d 315, 318 (2d Cir.1986) (same); Beacon Enterprises, Inc. v. Menzies, 715 F.2d 757, 762-63 (2d Cir.1983) (same). Nor can such a relationship meet the due process requirement of minimum contacts. Agency Rent A Car, 98 F.3d at 32; Fox, 794 F.2d at 37.
 
 
 5
 We therefore affirm.