Peter MONE, Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

Ronald D. BRENNAN, Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

Alexander C. WERT, Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

Nos. 14, 25, 15, Docket 85–4011, 85–4020, 85–4021.

United States Court of Appeals, Second Circuit.

Submitted Sept. 11, 1985.

Decided Oct. 8, 1985.

Peter R. Stromer, Los Gatos, Cal., for petitioners-appellants.

Glenn A. Archer, Washington, D.C., (Michael L. Paup, Richard W. Perkins, Attys., Tax Div., Dept. of Justice, Washington, D.C., on brief), for respondent-appellee.

Before KAUFMAN, MESKILL and WINTER, Circuit Judges.

IRVING R. KAUFMAN, Circuit Judge:

Every year, with renewed vigor, many citizens seek sanctuary in the free exercise clause of the first amendment. They desire salvation not from sin or from temptation, however, but from the most earthly of mortal duties—income taxes. We are called upon today to evaluate three such cases, and to ponder the propriety of an attorney's conduct in such pursuits. For the reasons set forth below, we affirm the decisions and order of the Tax Court and impose sanctions on appellants and their attorney.

## I. *Background*

While these cases are not consolidated on appeal, all three involve similar facts and issues of law. Appellants Brennan, Mone and Wert claimed to be members of the Order of Almighty God of the Life Science Church. Appellants allege that pursuant to a vow of poverty made to the Church, as evidenced by form letters, each taxpayer made an irrevocable gift of all of his income and possessions to a chapter of the Order of Almighty God. On the basis of these vows the taxpayers claimed to be exempt from all federal income tax.

*Brennan and Wert*

Taxpayers Brennan and Wert were employed in jobs. unrelated to the Life Science Church, although each listed "minister" as an occupation on his tax return. In reality, however, Brennan was employed as a sanitation worker by the City of New York. His earnings in 1980 were $20,142.38. Wert was an electrical engineer for Consolidated Edison of New York, Inc., and in 1980 he earned $38,683.39. In addition to the vow of poverty, a form letter signed by William Drexler, as Bishop of the Life Science Church, was attached to each appellant's tax return. The letter sought to

characterize the taxpayer's secular occupation as a mere function of his broader role in the Church. The Bishop "directed" Brennan, for example, to "use your occupation as a sanitation worker as a vehicle and instrument to carry out and put into effect the principles of the Church and Order."

The Commissioner of Internal Revenue sent each taxpayer a notice of deficiency asserting that, notwithstanding the vows of poverty, their wages constituted gross income pursuant to Section 61(a)(1) of the Internal Revenue Code. The notices also proposed penalties pursuant to I.R.C. § 6653 for negligent or intentional disregard of Internal Revenue rules and regulations. In addition, the Commissioner proposed a penalty against Brennan and Wert pursuant to I.R.C. § 6651 for failure to file a timely return.

The taxpayers filed petitions in the Tax Court contesting the deficiencies and penalties. The Commissioner sought informal discovery from Brennan and Wert in preparation for trial, but they responded merely by submitting letters defending their position and threatening legal action if the "harassment" continued. Thereafter, the Commissioner served the taxpayers with requests for admissions and production of documents pursuant to Rule 90 of the Rules of Practice and Procedure of the United States Tax Court. When the 30-day response period had expired, the Commissioner filed motions for summary judgment based upon matters deemed admitted.

At this point, attorney Peter Stromer formally entered the case on behalf of Brennan and Wert. He filed opposition papers arguing that summary judgment was precluded by "genuine issues of law and fact" which required a trial. The taxpayers then also filed motions for summary judgment, contending that the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982),

rendered the Tax Court without jurisdiction to consider "constitutional" issues such as the validity of the taxpayers' "vows of poverty." The Tax Court denied both taxpayers' and the Commissioner's motions for summary judgment.

After a trial, the Tax Court ruled the taxpayers had failed to meet their burden of proving they had earned income as "agents" of a religious order. Brennan was assessed a deficiency in income tax of $3,885.40, as well as penalties of $627.04 pursuant to I.R.C. § 6651(a) and $194.27 pursuant to I.R.C. § 6653(a). Wert was assessed a deficiency in income tax of $3,988.03, and penalties of $2,024.76 and $699.40. In addition, the Tax Court concluded that the petitions had been filed solely for delay and awarded a $500 penalty against each taxpayer pursuant to I.R.C. § 6673.[1] No penalty, however, was imposed on attorney Stromer.

### Mone

Stromer also represented Peter Mone in his petition to the Tax Court challenging the deficiency in his income taxes. When Mone failed to respond to the Commissioner's informal request for documents and answers to questions, the Commissioner formally requested discovery pursuant to Rule 71 and 72 of the Tax Court Rules of Practice. Among other things, the Commissioner sought cancelled checks, bank statements, receipts, and documents affecting transfers of title. Mone failed to produce any of the requested documents, and gave vague and evasive responses to many questions. After the Commissioner filed motions to compel answers and to produce documents, the Tax Court issued an order requiring Mone to comply with the discovery requests or face the possibility of dismissal of his petition. Two months after the deadline for compliance had expired, Mone filed an objection contending that he had responded to the discovery requests to

---

1. At the time of the dispute, section 6673 of the Internal Revenue Code provided in relevant part:

Whenever it appears to the Tax Court that proceedings before it have been instituted by

the taxpayer merely for delay, damages in an amount not in excess of $500 shall be awarded to the United States by the Tax Court in its decision.

the best of his ability. After a hearing, the Tax Court granted the Commissioner's motion to dismiss and upheld the Commissioner's assessment of $7,212 as the deficiency. The Tax Court also imposed a negligence penalty of $360.60, as well as a 50% penalty on interest due, pursuant to I.R.C. § 6653(a).[2]

## II. *Discussion*

■ We address, at the outset, the merits of the taxpayers' petitions, for they bear on the propriety of sanctions against the taxpayers and their attorney. *See Bankers Trust Co. v. Publicker Industries, Inc.,* 641 F.2d 1361, 1363 (2d Cir.1981). The gravamen of each petition is an assertion that the Tax Court lacks jurisdiction to adjudicate constitutional issues because it is not an Article III but an Article I court. To support their contention, the taxpayers rely on *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), in which the Supreme Court held that Congress had conferred too broad a grant of jurisdiction by allowing bankruptcy courts to adjudicate state contract claims. We need not reach this issue, however, since the taxpayers have not raised a bona fide constitutional issue either in this Court or in the Tax Court. Rather, they simply sought to avoid paying income taxes by asserting that they were mere agents for a principal. In sum, the taxpayers claimed that earned income turned over to a religious order pursuant to a vow of poverty is income to the religious body, not the member. *See* O.D. 119, 1 Cum.Bull. 82 (1919); Rev.Rul. 77–290, 1977 Cum.Bull. 26. *See also Maryland Casualty Co. v. United States,* 251 U.S. 342, 345–48, 40 S.Ct. 155, 156–57, 64 L.Ed. 297 (1920). To prove assignment of income on an agency theory, the taxpayers bear a double burden: they must show that a contractual relationship existed between their secular employers and the religious order, and that the religious order controlled or restricted the taxpayers' use of the money purportedly turned over to the order. *See Stephenson v. Commissioner,* 79 T.C. 995, 1001 (1982), *aff'd per curiam,* 748 F.2d 331 (6th Cir. 1984); *White v. Commissioner,* 41 T.C.M. (CCH) 1180, 1183 (1981); *Kelley v. Commissioner,* 62 T.C. 131 (1974).

■ The taxpayers assert that by disregarding their vows of poverty, the Commissioner violated their constitutional right to freely exercise the religion of their choice. Appellants contend that the I.R.S. failed to give the Life Science Church the same recognition accorded "mainstream" religions. It is patently obvious, however, that the cases before us do not present a question of constitutional magnitude. Rather, the Tax Court confronted the simple issue whether the taxpayers established the existence of an agency relationship. Members of "mainstream" religions carry the same duty. The taxpayers' allegations of discrimination are therefore spurious.

■ The record clearly shows, moreover, that the appellants wholly failed to establish the existence of a valid agency relationship. In fact, Brennan and Wert stipulated that their secular employers had no contracts or agreements with any religious order. The wages the appellants purportedly turned over to the order were deposited into bank accounts controlled by the taxpayers or their wives. The form letters signed by the Bishop of the Life Science Church merely "directed" each taxpayer to

---

**2.** At the time of the dispute, I.R.C. § 6653(a) provided in relevant part:

(a) Negligence or intentional disregard of rules and regulations with respect to income, gift, or windfall profit taxes—
(1) In general—If any part of any underpayment ... is due to negligence or intentional disregard of rules or regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment.

(2) Additional amount for portion attributable to negligence, etc.—There shall be added to the tax ... an amount equal to 50 percent of the interest payable under section 6601—
(A) with respect to the portion of the underpayment described in paragraph (1) which is attributable to the negligence or intentional disregard referred to in paragraph (1)....

"earn income to support yourself and your family" and to "use income of the Order of the Church as you see fit and reasonable to carry out the purpose of the order." In light of this dismal showing of proof by taxpayers, the Tax Court appropriately found in favor of the Commissioner.

■ The Tax Court also properly dismissed Mone's petition for failure to comply with the Tax Court's discovery order. Dismissal of the petition, after Mone had been fairly warned of the consequences of noncompliance, was not an abuse of discretion. Moreover, we note that on appeal Mone does not contend that the Tax Court abused its discretion; instead, he simply questions the Tax Court's jurisdiction.

### III.

■ Because the arguments advanced by taxpayers were wholly without merit, the Tax Court properly imposed a 5% penalty for negligent or intentional disregard of I.R.S. rules and regulations. The form letters submitted by the taxpayers did not constitute a basis on which one could reasonably conclude that they owed no income tax. *See Druker v. C.I.R.*, 697 F.2d 46, 54–56 (2d Cir.1982). Nor were the appellants foreclosed from avoiding the penalty by paying the taxes and then suing for a refund. *Id.* at 54. Moreover, once the deficiencies had been assessed by the Commissioner, the taxpayers had the responsibility to establish they had not negligently or intentionally disregarded the rules or regulations. *See Hall v. C.I.R.*, 729 F.2d 632, 635 (9th Cir.1984).

As we have noted, taxpayers' petitions were frivolous because they purported to present constitutional arguments, when in fact these cases did not involve any consti-

tutional issue. The Tax Court therefore properly assessed a $500 penalty against Brennan and Wert pursuant to I.R.C. § 6673, as damages for bringing an action totally devoid of merit, primarily for the purpose of delay.

This Court has the authority to award "just damages and single or double costs to the appellee" when an appeal is frivolous. Fed.R.App.P. 38; *see also* 28 U.S.C. § 1912. These cases are no less frivolous on appeal than they were in the Tax Court below.[3] While the appellants' contention that the Tax Court lacked jurisdiction to hear constitutional claims may not in itself be frivolous, the argument is wholly irrelevant because the taxpayers did not present any constitutional issues in their petitions. Accordingly, we believe it is appropriate to impose sanctions upon the taxpayers for bringing these appeals. *See Paulson v. United States*, 758 F.2d 61 (2d Cir.1985).

■ This Court is also empowered to hold an attorney who "multiplies the proceedings in any case unreasonably and vexatiously" personally liable for excess costs, expenses, and attorneys' fees incurred as a result of his or her improper conduct. 28 U.S.C. § 1927.[4] We recognize this power carries with it the potential for abuse, and therefore the statute should be construed narrowly and with great caution, so as not to "stifle the enthusiasm or chill the creativity that is the very lifeblood of the law." *See Eastway Construction Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir. 1985) (elucidating standard for awarding costs and attorneys' fees pursuant to Fed. R.Civ.P. 11). Here, however, the utter irrelevance of attorney Stromer's arguments on behalf of Peter Mone in this appeal

---

**3.** The taxpayers should have had additional notice of the meritless nature of their appeals from the New York Supreme Court's decision in *People v. Life Science Church*, 113 Misc.2d 952, 450 N.Y.Supp.2d 664 (1982), aff'd as modified, 93 A.D.2d 774, 461 N.Y.Supp.2d 803 (1983). The Court held that the selling of ministries was a tax avoidance scheme that violated New York law, and it permanently enjoined the Life Science Church from engaging in fraudulent and deceptive practices.

**4.** 28 U.S.C. § 1927 provides:

Any attorney or other person admitted to conduct cases in any court of the United States or any territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

constituted unreasonable and vexatious litigation. *See United States v. Potamkin Cadillac Corp.*, 697 F.2d 491 (2d Cir.1983); *Adamsons v. Wharton*, 771 F.2d 41 (2d Cir.1985) The Tax Court had dismissed Mone's petition because Mone, represented by Stromer, failed to comply with a discovery order. On appeal, rather than addressing the issue whether the Tax Court abused its discretion in dismissing the petition, Stromer submitted a brief that was virtually identical to those filed on behalf of his other clients, Brennan and Wert, and directed his arguments to the constitutional claims. He also included in Mone's brief a challenge to the constitutionality of penalties imposed pursuant to I.R.C. § 6673 when, in truth, this penalty was not imposed on Mone by the Tax Court.

We cannot believe that an attorney who prepares a brief in such a careless, casual and offhand manner can in good faith believe that he presents claims to this Court that have a scintilla of legal merit. We conclude that by presenting Mone's appeal in the manner he did, Stromer unreasonably and vexatiously multiplied the proceedings. Accordingly, sanctions against the attorney are justified for his totally meritless appeal to this Court on behalf of Mone.[5]

### IV. *Conclusion*

The decisions and order of the Tax Court are affirmed. Double costs arising from this appeal and attorneys' fees of $1000 shall be paid by each taxpayer Brennan and Wert. In addition, taxpayer Mone and his attorney, Peter Stromer, shall be jointly and severally liable for double costs and attorneys' fees of $2000 arising from this appeal.

---

5. While we impose sanctions on Stromer for bringing an appeal only in the Mone case, we note that the Fourth Circuit penalized Stromer for bringing an appeal in a case remarkably similar to the Brennan and Wert cases. *Sparrow v. C.I.R.* 748 F.2d 914 (4th Cir.1984). In that case, however, Stromer submitted patently inadequate affidavits in support of a motion for summary judgment. No similar abuse of process by Stromer has been shown in the Brennan and Wert cases, however, and we decline to impose sanctions on Stromer for bringing those appeals.

Stromer has also twice been penalized for bringing appeals before the Ninth Circuit similar to the appeals brought by Brennan and Wert before this Court. *See Larsen v. C.I.R.*, 765 F.2d 939 (9th Cir.1985); *Kalgaard v. C.I.R.*, 764 F.2d 1322 (9th Cir.1985). The claims raised by appellants in those cases, however, had already been rejected by the Ninth Circuit in *Hall v. C.I.R.*, 729 F.2d 632, 635 (9th Cir.1984); the arguments set forth by Stromer were therefore frivolous.