RICHARD A. ENGERT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Engert v. Commissioner
Docket No. 12649-88
United States Tax Court
T.C. Memo 1990-50; 1990 Tax Ct. Memo LEXIS 50; 58 T.C.M. (CCH) 1319; T.C.M. (RIA) 90050; January 29, 1990; As corrected January 29, 1990 Richard A. Engert, pro se. Theodore R. Leighton and Steven Diamond, for the respondent. COLVIN
MEMORANDUM FINDINGS OF FACT AND OPINION
*51 COLVIN, Judge: This Court has previously decided the issues relating to the deficiency and additions to tax in this case. The sole remaining issue is respondent's Motion To Impose Damages Under I.R.C. Section 6673. [1] The Court grants respondent's Motion in that we award damages to the United States in the amount of $ 2,500. Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to Tax
Year
Deficiency
Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6661
1984
$ 5,198.00
$ 259.90
50% of the
$ 1,299,50
interest due
on $ 5,198.00
1985
$ 5,154.00
$ 257.70
50% of the
$ 1,288.50
interest due
on $ 5,154.00
The issues presented at trial were: (1) whether petitioner was entitled to deduct charitable contributions in the amount of $ 35,958 for 1984 and $ 37,181 for 1985; (2) whether petitioner was liable for additions *52 to tax under sections 6653(a)(1) and (2) for negligence or intentional disregard of rules and regulations for 1984 and 1985; and (3) whether petitioner was liable for additions to tax under section 6661 for substantial understatement of income tax for 1984 and 1985. The Court rendered a Bench Opinion in this case pursuant to the authority granted under section 7459(b) and Rule 152. In that Opinion, the Court held that petitioner was not entitled to the claimed charitable deductions for 1984 and 1985. The Court also found the petitioner liable for additions to tax under sections 6653(a)(1) and (2). Finally, the Court found the petitioner liable for additions to tax under section 6661 because petitioner substantially understated his income tax liability for 1984 and 1985 and petitioner's Church of Modern Enlightenment constituted a tax shelter organized for the principal purpose of avoiding or evading Federal income tax under section 6661(b)(2)(C)(ii). FINDINGS OF FACT Petitioner resided in Brooklyn, New York, when he filed his petition in this case. During 1984 and 1985, petitioner was employed by the New York City Transit Authority as a maintenance supervisor. He received *53 wages of $ 36,347 in 1984 and $ 37,567 for 1985. Petitioner timely filed income tax returns for both years. Petitioner is a self-proclaimed minister of the Church of Modern Enlightenment. He has no formal theological educational training. All of petitioner's personal living expenses are paid by the so-called church. The so-called church has incurred no expenses for religious services, articles, or supplies. It has no congregation other than its three trustees: the petitioner; Phyllis Engert, petitioner's sister; and Sanford Kleinman, who also has a purported church of which petitioner is a trustee. See Good Friendship Temple v. Commissioner, T.C. Memo. 1988-313, and Kleinman v. Commissioner (bench opinion, affirmed by the Second Circuit in an unpublished opinion dated June 6, 1986, No. 86-4014). Petitioner deducted $ 35,958 as a charitable contribution to the so-called Church of Modern Enlightenment in 1984 and $ 37,181 in 1985. Respondent's notice of deficiency disallowed the charitable deduction for both years. Petitioner refused to meet informally with respondent as required by BranertonCorp. v. Commissioner, 61 T.C. 691 (1974), *54 and did not acknowledge respondent's attempts to schedule an informal conference. Petitioner also failed to properly respond to Respondent's Request For Production of Documents and Respondent's Interrogatories to Petitioner by stating that respondent had already obtained the documents requested, a fact respondent disputed, and giving evasive or nonsensical responses. Finally, petitioner's Answers to Interrogatories, filed April 17, 1989, consisted solely of verses purportedly from the Bible. Petitioner has previously been before this Court twice on related claims that were rejected. See Engert v. Commissioner, T.C. Memo. 1986-199, 51 T.C.M. 1022 (1986), affd. without published opinion 810 F.2d 1160 (2d Cir. 1986), and Church of Modern Enlightenment v. Commissioner, T.C. Memo. 1988-312, 55 P-H Memo T.C. par. 86,199, affd. without published opinion 875 F.2d 307 (2d Cir. 1989). In the previous Engert case, this Court entered a decision on behalf of respondent and awarded damages in the amount of $ 250 to the United States. We stated that: we conclude that petitioner's position in these proceedings was frivolous *55 and groundless, and that he maintained this suit primarily for delay. Taking all of the factors noted above into account, damages will be awarded to the United States in the amount of $ 250. Engert v. Commissioner, supra, 51 T.C.M. at 1026, 55 P-H Memo T.C. par. 86,199 at 836. Additionally, in Church of Modern Enlightenment, supra, the Court found that petitioner's so-called church did not qualify as an organization exempt from taxation under section 501(a). On appeal, the Second Circuit noted that: Although we decline to impose sanctions in this case, we want to make clear that any attempt by Richard Engert or the Church to relitigate in this court in any new case in the future the issues decided in either this case or in Engert v. Commissioner [citations omitted], will be met with appropriate sanctions. [2]
*56 In this case, we found no material differences between the charitable contributions issue in 1984 and 1985 and the issues in petitioner's previous cases. At trial, petitioner did not contest the charitable contributions issue and did not offer any evidence to support his entitlement to the deduction. He argued only that the total amount of his funds in the hands of the IRS, as a result of withholding and a levy on wages, exceeds the amount claimed by the IRS for 1984-85 and several other open years. We do not comment on the merits of petitioner's argument because we have only his 1984 and 1985 tax years before us. OPINION Section 6673 provides that this Court shall award damages not in excess of $ 5,000 when proceedings have been instituted or maintained primarily for delay, where the taxpayer's position is frivolous or groundless, or where the taxpayer unreasonably fails to pursue available administrative remedies. Ruberto v. Commissioner, 873 F.2d 1436 (2d Cir. 1989), affg. without published opinion T.C. Memo. 1987-623; Mone v. Commissioner, 774 F.2d 570, 574 (2d Cir. 1985); Horn v. Commissioner, 90 T.C. 908, 945-947 (1988); *57 Svedahl v. Commissioner, 89 T.C. 245 (1987); Burwell v. Commissioner, 89 T.C. 580 (1987) (Court reviewed). On the basis of the record, the Court concludes that petitioner's position on the charitable contributions issue was frivolous and groundless and that he instituted this proceeding primarily for purposes of delay. Petitioner was uncooperative during the pretrial stage. Petitioner insisted on wasting the resources of this Court by presenting arguments that have been thoroughly repudiated. Under these circumstances, damages will be awarded in the amount of $ 2,500 to the United States. An appropriate order and decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The Second Circuit noted that "Since this statement does not constitute a formal opinion of this court and it is not uniformly available to all parties, it shall not be reported, cited or otherwise used in unrelated cases before this or any other court." We believe citation here is appropriate because both this and the cited case involve Richard Engert.↩